Leonard H. Burgess, Esq. (SBN 165835)
Nicholas J. Lewis, Esq.     (SBN 253433)
LAW OFFICES OF LEONARD H. BURGESS
402 West Broadway, Ste. 1760
San Diego, California 92101
TEL: (619) 231-4300  FAX: (619)231-1599

Attorney for Plaintiff MEGAN MALOUIN

FILED

08 AUG -8 AM 10: 37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN MOULIN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTCORP CORPORATION, a California Corporation; and DOES 1-100, Inclusive,<br><br>Defendants. | Case No.:<br><br>'08 CV 1445 J CAB<br><br>COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES<br><br>JURY TRIAL DEMANDED |

COMES NOW, Plaintiff MEGAN MALOUIN, an Individual by and through his attorneys of record, the Law Offices of Leonard H. Burgess, Esq., by Leonard H. Burgess, Esq. and allege and complain as follows:

///

///

COMPLAINT - 1

## PRELIMINATRY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. Section 1692 *et. seq.*, the Fair Debt Collection Practices Act (the "FDCPA")

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d).

3. Venue is proper in this District because the acts, transactions, and occurrences giving rise to this cause of action occurred here, the Plaintiff resides here, and Defendant, Collectcorp Corporation ("Defendant") transacts business here.

## PARTIES

4. Plaintiff, Megan Malouin ("Plaintiff") is a natural person residing in San Diego County.

5. Defendant, Collectcorp Corporation, is a corporation regularly engaged in the business of collecting debts and does business in the City of San Diego.

## FACTUAL ALLEGATIONS

1. Beginning on or about February 29, 2008, Plaintiff began receiving telephone calls from Defendant demanding payment of an alleged debt owed to American Express, (the "Alleged Debt").

2. An employee of Defendant explained that American Express demanded Plaintiff to pay her alleged debt of approximately $22,000 within two payments over a two-month period.

3. Plaintiff explained that this was not possible due to Plaintiff's financial situation, to which Defendant replied that American Express would only negotiate to spread out the payments to four months, with payments being made twice a month.

4. Plaintiff was very startled and frightened by this statement, but Plaintiff stated that she would try her hardest to make these payments. Plaintiff borrowed money from her grandmother and made a demanded down payment of $7,694.08, but was not able to make the second payment in full.

5. Sometime after this near the end of March, 2008, without permission of Plaintiff, Defendant contacted Plaintiff's father at his home residence and left a message stating that Defendant was trying to get a hold of Plaintiff. When Plaintiff's father called Defendant back, Defendant stated that they were a collection company contacted by America Express and were trying to get a hold of Plaintiff regarding Plaintiff's debt.

6. Plaintiff contacted American Express and spoke to a customer service representative named Kim, who told Plaintiff there was no required payment schedule for the settling of Plaintiff's debt and that any such assertion was arbitrarily set by Defendants.

7. Plaintiff then called Defendant back and spoke with Mr. Malorey, who told Defendant that the sales representative at American Express was wrong, and that if Plaintiff did not pay then a lawsuit would be filed immediately against her.

8. On May 6, 2008, Plaintiff spoke with Mr. Malorey again. Mr. Malorey said that if Defendant did not reinstate her payment of approximately $2200 from the prior month, along with a substantial payment of at least one-half of the overall amount due by noon the next day, a lawsuit would be filed against Plaintiff the next day. Defendant also stated that American Express had looked at Plaintiff's assets and liabilities and determined that Plaintiff had more money than she was revealing to Defendant. Plaintiff stated that she could not pay this amount by noon the next day, and Mr. Malorey responded that there would be no further conversations, specifically that Defendant would not call back and that

Case 3:08-cv-01445-BEN-CAB   Document 1   Filed 08/08/2008   Page 4 of 8

Plaintiff should not call them, as a lawsuit was going to be filed the next day.

9. On May 13, 2008, Mario Santos, an employee of Defendant, called and discussed a payment plan with Plaintiff. Plaintiff mentioned her conversation with Mr. Mallory, specifically the part regarding the necessary payment of one-half of the overall amount to avoid an immediate lawsuit. Mr. Santos responded that Defendant would like one-half of the overall debt amount but if that was not possible would be willing to accept less. Mrs. Malouin asked if $500 per month would be appropriate and Mr. Santos remarked that it would not. This conversation is a clear contradiction from the conversation Mrs. Malouin had with Mr. Mallory. Additionally, during this conversation, Mr. Santos represented that he was from American Express, which is another misleading statement. When Plaintiff pointed this out, Mr. Santos acknowledged that he did not in fact work for American Express.

10. Since this time Plaintiff has received yet another call on May 14, 2008, at her house and a call on May 15, 2008, on her cell phone.

### **VIOLATION OF THE FDCPA, 15 U.S.C. Section 1692 *et. Seq*.**

11. This is an action against Defendant for violation of the FDCPA 15 U.S. Section 1692 *et. seq*.

12. Plaintiff realleges and incorporates paragraphs one (1) through ten (10) as if fully set forth herein.

13. The Alleged Debt is a "debt" defined by 15 U.S.C. Section 1692 a (5) in that some or all of the debt is an obligation incurred by Plaintiff arising out of a transaction in which the money, property, insurance, or services which are subject of the transaction were primarily used for personal, family, or household purposes.

COMPLAINT - 4

14. Defendant, in the conduct of business, uses one or more instrumentalities of interest commerce or the mails. The principal business of Defendant is the collection of debts and Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

15. On numerous occasions, in connection with the collection of debts, Defendant has used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCP Act, 15 U.S.C. § 1692e, including but not limited to, the following:

    a)    Defendant has threatened to take an action that cannot legally be taken or that Defendant has not intended to take, in violation of Section 807(5) of the FDCP Act, 15 U.S.C. § 1692e(5);

    b)    Defendant has used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCP Act, 15 U.S.C. § 1692e(10).

    c)    Defendant has used a name other than the true name of the debt collector's business, company, or organization, in violation of Section 807(14) of the FDCP Act, 15 U.S.C. § 1692e(14).

16. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, including without limitation through mental anguish, despair, frustration, embarrassment, nervousness, and loss of the capacity for the enjoyment of life and is entitled to.

WHEREFORE, Plaintiff prays as follows:

1.    For actual damages pursuant to 15 U.S.C. Section 1692k(a)(1),

2. For statutory damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A),

3. For reasonable attorneys' fees and costs pursuant to 15 U.S.C. Section 1692k(a)(3).

Dated: August 6, 2008

Respectfully submitted,

*[signature]*

LEONARD H. BURGESS
Attorney for Plaintiff
MEGAN MALOUIN

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MEGAN MOULIN

**DEFENDANTS**
COLLECTCORP CORPORATION

FILED
08 AUG -8 AM 10:36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Leonard H. Burgess, Esq., 402 West Broadway, Ste. 1760
San Diego, California 92101. (619)231-4300

Attorneys (If Known)
'08 CV 1445 J CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1962 et seq.
Brief description of cause:
Violation of the Fair Debt Collections Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8-7-08
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 153808  AMOUNT $350  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

TAC 8/08/08

CR

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 153808      - TC
       * * C O P Y * *
        August 08, 2008
            10:40:43


         Civ Fil Non-Pris
    USAO #.: 08CV1445
    Judge..: NAPOLEON A JONES, JR
    Amount.:                $350.00 CK
    Check#.: BC301



        Total->   $350.00



    FROM: MEGAN MOULIN
          VS
          COLLECTCORP CORPORATION
```